IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3174-FL

| | | |
|---|---|---|
| EARVIN RAY FRANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, UNITED STATES CONGRESS, and the UNITED STATES SUPREME COURT, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court is the motion to dismiss (DE 7) pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), (6), and (7) filed by defendants the United States of America, the United States Congress, and the United States Supreme Court.

The court begins with its frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328.

Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff, a state inmate, brings this action against the United States of America, the United States Congress, and the United States Supreme Court. Plaintiff requests that all of his identification records, including his birth certificate, reflect that his race is "Moorish" as opposed to "Black." To the extent plaintiff seeks to compel prison officials to amend prison records to change plaintiff's racial classification, plaintiff fails to state a constitutional violation. The manner in which "prison officials choose to organize their records is quintessentially an administrative matter in which the courts should not intervene." Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982). Further, this court previously has determined that prison officials' refusal to change nationality or race in official prison records generally does not constitute a constitutional violation. Thorne-El v. Sanders, No. 5:12-CT-3029-FL, 2013 WL 3166453, at *2 (E.D.N.C. June 20, 2013) (citation omitted), aff'd, 544 F. App'x 223 (4th Cir. 2013). Thus, these allegations fail to state a claim.

Plaintiff additionally requests that the court vacate the criminal sentence he is serving. Title 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Accordingly, to obtain release from imprisonment, plaintiff must bring his action in the form of a petition for a writ of habeas corpus pursuant to § 2254, after fully exhausting his administrative remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Thus, plaintiff again failed to state a claim pursuant to § 1983.

2

As for the remainder of plaintiff's allegations, § 1915 accords the court the authority to dismiss a claim whose factual contentions are clearly baseless. Denton, 504 U.S. at 32. The remaining factual allegations contained in plaintiff's complaint are clearly baseless and include statements such as the following:

> "Now comes the petitioner . . . in propria persona, sui juris and with Constitution dejure to move this averment of jurisdiction to the status of Moorish American and hereby challenges the defendants . . . to be recognized as part of the Moorish American nation is now the order of todays judicial business: The Supreme laws of the United States and all other Free National Government judicially uphold there can be no legal proceedings without the right order establishment of proper status, and apposite jurisdiction these two pillars of law must be place, and have precedence before the adjudication of all former matters of lawful substantive can be addressed . . . . (sic)

Compl. p. 2. If any of the remaining allegations are not construed as clearly baseless or delusional, they are merely legal terminology and are not actionable because the claims have no factual support. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissing complaint where it "failed to contain any factual allegations tending to support [plaintiff's] bare assertion . . . .") Thus, plaintiff's remaining allegations are DISMISSED as frivolous.

Based upon the foregoing, the action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Defendants' motion to dismiss (DE 7) is DENIED as MOOT. The Clerk of Court is DIRECTED to send plaintiff the necessary forms to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

SO ORDERED, this the 8th day of April, 2014.

LOUISE W. FLANAGAN
United States District Judge